IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: SHALE OIL ANTITRUST LITIGATION          Case No. 1:24-md-03119-MLG-LF

This Order Relates to All Cases

**ORDER APPOINTING THE FUTURES & DERIVATIVES INTERIM LEADERSHIP STRUCTURE**

It is ordered as follows:

Organization of Counsel

Plaintiffs 3Red Partners LLC and William Basinski request the Court to (1) amend the caption of the case *3Red Partners LLC v. Permian Resources Corporation f/k/a Centennial Resource Development, Inc., et al.*, Case No. 1:25-cv-00447 (D.N.M.), to *In re: Shale Oil/WTI Crude Oil Futures & Derivatives Litigation*; (2) appoint Kirby McInerney LLP, Lowey Dannenberg, P.C., and Burke LLP as interim co-lead counsel for the proposed futures & derivatives class; (3) appoint Peifer, Hanson, Mullins & Baker, P.A. as interim liaison counsel for the same proposed class; and (4) appoint The Ward Law Firm as interim trial counsel for the same.[1] Doc. 231 at 1. The Court addresses each in turn.

The Court orders the caption of the described case be amended to reflect the above request. Further, the Court appoints Kirby, Lowey, Burke, and Ward as interim co-lead counsel for the

---

[1] On June 20, 2025, 3Red filed a motion requesting the Court to enter their "proposed Order Granting Stipulated Schedule for the Proposed Futures & Derivatives Class, attached as Exhibit 1 to th[eir] motion." Doc. 223 at 1. Because 3Red presumably filed that motion without Lowey, Burke, or Ward's input, the Court denies it as moot given this Order Appointing the Futures & Derivatives Interim Leadership Structure. The newly-appointed interim co-lead counsel for the proposed futures & derivatives class must submit a new stipulated schedule for the proposed futures & derivatives class before 5 PM MDT on July 31, 2025.

proposed futures & derivatives class. Christopher Dodd will continue to serve as sole interim liaison counsel. He must continue his current duties as well as expand the scope of those assignments to include the proposed futures & derivatives class. *See* Doc. 83 at 1-2 (explaining Christopher Dodd's responsibilities). He is also ordered to track any related cases filed in this District or others that share common allegations with *In re Shale Oil/WTI Crude Oil Futures & Derivatives Litigation* or *In re: Shale Oil Antitrust Litigation*, Case No. 1:24-md-03119 (D.N.M.); file notices alerting the Court of these filings; and coordinate with counsel of related cases to obtain transfer orders from the Judicial Panel on Multidistrict Litigation ("JPML"). If a case is filed in this District and aims to be—or simply ends up being—associated with the MDL in general, the end user body of cases specifically, or the futures group, and the case's content does not meaningfully resemble the end user cases or the futures, Christopher Dodd must ensure that the case goes through the process of receiving a transfer order from the JPML. Finally, the Court currently appoints no interim trial counsel. In sum, the case's caption is ordered changed, and the only alteration to the leadership structure previously appointed, *see* Doc. 83, is that Kirby, Lowey, Burke, and Ward ("futures interim co-lead counsel") are appointed interim co-lead counsel for the proposed futures & derivatives class.[2] They shall:

  i. Organize futures-plaintiffs' counsel and designate at least one attorney among themselves to attend case management meetings prepared to address any pending disputes or issues between the parties on futures-plaintiffs' behalf;

  ii. Supervise the work and time keeping records of futures-plaintiffs' counsel;

  iii. Delegate tasks and ensure this Court's schedule is adhered to;

---

[2] As told in the first Order Appointing Leadership Structure, Doc. 83, the Court need not decide (even preliminarily) on the issue of class formation. Class definitions—and any subclasses—may be defined as the case proceeds. *See* Fed. R. Civ. P. 23(c).

    iv.    Speak on futures-plaintiffs' behalf at all conferences and hearings;

    v.    Determine the futures-plaintiffs' position on matters arising during the pretrial proceedings, and present that position in pleadings, briefs, motions, oral argument, or as otherwise appropriate, personally or by a designee;

    vi.    Liaise with defense counsel;

    vii.    Enter into stipulations with the defendants;

    viii.    Initiate and conduct discussions and negotiations with counsel for defendants on all matters, including settlement;

    ix.    Schedule and engage in settlement negotiations with the defendants, and if there is a settlement, propose a claims protocol and/or plan of allocation;

    x.    Sign and file all pleadings relating to all actions in the MDL and all pleadings related to the futures litigation;

    xi.    Consult with and employ expert witnesses;

    xii.    Enter into contracts and other agreements with expert witnesses or vendors—such as a document depository vendor or court-reporting services—as necessary to litigate this futures litigation;

    xiii.    Perform such other duties as are necessary;

    xiv.    Coordinate the preparation and presentation of all of futures-plaintiffs' claims and coordinate all proceedings;

    xv.    Encourage full cooperation and efficiency among all futures-plaintiffs' counsel; and

    xvi.    Assess futures-plaintiffs' counsel for the costs of the litigation.

Each futures-plaintiffs' counsel in this action is ordered to create and maintain contemporaneous records of their time and expenses devoted to this litigation. Those records must

reflect the date of the legal service rendered or expense incurred, the nature of the service or expense, and the number of hours or amount of the expense. These records, beginning in July 2025, shall be submitted in summary form by the end of each month to the interim co-lead futures-plaintiffs' counsel. Interim co-lead futures-plaintiffs' counsel may appoint among themselves which counsel shall receive and review these records.

Any discussions of a settlement that would affect any claims brought in this litigation, other than claims of an individual plaintiff or class member, must be conducted by futures-plaintiffs' interim co-lead counsel. Any proposed settlement that resolves, in whole or in part, the claims brought in this action shall first be subject to review and approval by the Court in this litigation.

The Court (at least for now) refrains from forming and appointing members of a proposed futures-plaintiffs' counsel executive committee. *See* MCL 4th § 10.221. Instead, the Court defers the decision to lead counsel. If the futures-plaintiffs' interim co-lead counsel wishes to form an executive committee, they shall submit a list of proposed members for the Court's approval. If a futures-plaintiffs' counsel executive committee is formed, futures-plaintiffs' interim co-lead counsel shall chair it. Chairs will be responsible for scheduling executive committee meetings, setting agendas, and keeping minutes or transcripts of those meetings.

The Court may alter the leadership structure as circumstances warrant, either on a party's motion or sua sponte.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA